

# NUMBERS 13-20-00537-CR & 13-20-00538-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JOHNNY GONZALEZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                 Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Chief Justice Contreras**

In two appellate cause numbers, appellant Johnny Gonzalez contests the trial court's order revoking his community supervision. On February 18, 2016, a grand jury indicted appellant on one count of possession of less than one gram of a controlled substance in Penalty Group 1, a state jail felony (Count 1), and one count of tampering

with physical evidence, a third-degree felony (Count 2). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b); TEX. PENAL CODE ANN. § 37.09(d)(1).[1] Appellant pleaded "true" to two enhancement paragraphs in the indictment, increasing the offense levels of Counts 1 and 2 to a third-degree and second-degree felony, respectively. Pursuant to a plea agreement, appellant pleaded guilty. In an August 9, 2017 order, the trial court adjudicated appellant guilty, sentenced appellant to two years' confinement in a state jail facility on Count 1 and ten years' confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) on Count 2, suspended the sentences, and placed appellant on four years' community supervision.

In a separate case, appellant was charged by felony information with one count of possession of less than one gram of a controlled substance in Penalty Group 1, also on August 9, 2017. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).[2] Again, appellant pleaded guilty pursuant to a plea agreement. The trial court adjudicated appellant guilty, sentenced appellant to two years' confinement in a state jail facility, suspended the sentence, and placed appellant on four years' community supervision. The trial court ordered that appellant's sentences in both causes run concurrently.

Subsequently, the State filed its motion to revoke community supervision in both causes,[3] and appellant pleaded "true" to three of the State's eight allegations.[4] Following

---

[1] Trial court cause number 15-CR-2022-H; appellate cause number 13-20-000538-CR.

[2] Trial court cause number 16FC-0571-H; appellate cause number 13-20-000537-CR.

[3] The State filed two previous motions to revoke appellant's community supervision. In both instances, the trial court continued appellant on community supervision and imposed sanctions.

[4] Specifically, appellant pleaded "true" to allegations that, in violation of the terms of his community

a hearing on the State's motion, the trial court found all but one of the allegations true, revoked appellant's community supervision, and sentenced appellant to two year's confinement on Count 1 and six years' confinement on Count 2 in trial cause number 15-CR-2022-H, and to two years' confinement in TDCJ in trial cause number 16FC-0571-H. The trial court ordered that the sentences run concurrently.

Appellant filed notices of appeal. Appellant's court-appointed appellate counsel has filed *Anders* briefs stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the judgment in appellate cause number 13-20-00537-CR and affirm as modified the judgments in appellate cause number 13-20-00538-CR.

## I.     *ANDERS* BRIEFS

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed briefs and motions to withdraw with this Court, stating that his review of the records yielded no grounds of reversible error upon which an appeal can be predicated. *See id.* Counsel's *Anders* briefs meet the requirements of *Anders* as they present professional evaluations demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and

---

supervision, he committed the offense of unauthorized absence from a community correctional facility, committed the offense of evading arrest, and absconded from the substance abuse treatment facility. The remaining five allegations concerned appellant's committing the offenses of: (1) aggravated assault with a deadly weapon; (2) evading arrest and detention with a vehicle; (3) evading arrest and detention with a previous conviction; (4) resisting arrest; and (5) reckless driving.

set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgments. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel filed *Anders* briefs and motions to withdraw; (2) provided appellant with copies of the pleadings; (3) informed appellant of his rights to file pro se responses, to review the records prior to filing his responses, and to seek discretionary review in the Texas Court of Criminal Appeals if this Court finds that the appeals are frivolous; and (4) supplied appellant with form motions for pro se access to the appellate records that include the Court's mailing address, instructions to file the motions within ten days, and only require appellant's signature and the date. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. Appellant requested and was provided pro se access to the records.

Appellant filed a pro se response alerting the Court to issues he believes warrant an appeal. When appellate counsel files an *Anders* brief and the appellant independently files a pro se response, the court of appeals has two choices:

> [i]t may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the

4

issues.

*Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (internal citations omitted). We are not required to review the merits of each claim raised in an *Anders* brief or a pro se response. Rather, we must merely determine if there are any arguable grounds for appeal. *Id.* at 827. If we determine that there are such arguable grounds, we must remand for appointment of new counsel. *Id.* Reviewing the merits raised in a pro se response would deprive an appellant of meaningful assistance of counsel. *Id.*

## II.     INDEPENDENT REVIEW & JUDGMENT MODIFICATION

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed counsel's *Anders* briefs, appellant's response, and the entire record in each appellate cause, and we have found nothing that would support findings of reversible error. *See Bledsoe*, 178 S.W.3d at 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

However, we discovered through our independent review that the trial court's judgments in trial cause number 15-CR-2022-H incorrectly list the allegations to which appellant pleaded "true." We may modify incorrect judgments to make the record "speak the truth" when we have the necessary data and information, and we may do so on our own motion. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991,

pet. ref'd). The "Plea to Motion to Revoke" section in the judgment on Count 1 currently reads "NOT TRUE to all except, 1(b), 1(g) & 25(a)." The same section in Count 2 reads "NOT TRUE to all except, 1(a), 1(b) & 25(a)." In fact, the record reflects that appellant pleaded true only to allegations 1(a), 1(g), and 25(a) in both counts.

Having concluded that the necessary information to correct the judgments appears in the record, we modify the judgments on both counts in trial cause number 15-CR-2022-H to reflect under the "Plea to Motion to Revoke" section that appellant pleaded "NOT TRUE to all except, 1(a), 1(g), & 25(a)." *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30.

### III. MOTIONS TO WITHDRAW

In accordance with *Anders*, appellant's counsel asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744*; see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.)). We grant counsel's motions to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgments to appellant and to advise him of his right to file a petition for discretionary review.[5] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

---

[5] No substitute counsel will be appointed. If appellant seeks further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. A petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.

## IV.     CONCLUSION

We affirm the trial court's judgment in appellate cause number 13-20-00537-CR

and affirm as modified the judgments in appellate cause number 13-20-00538-CR.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
24th day of March, 2022.